# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

INO VELAZQUEZ and　　　　　　　　　　　　Chapter　7
GLORIA VELAZQUEZ,　　　　　　　　　　　CASE NO.  8:10-bk-17321-KRM

　　　　Debtor.
_____/

## TRUSTEE'S MOTION FOR AUTHORITY TO (A) SELL HOMESTEAD ALONG WITH NON-HOMESTEAD REAL PROPERTY; (B) SELL FREE AND CLEAR OF LIENS; AND (C) SURCHARGE COLLATERAL

　　　　Pursuant to 11 U.S.C. §§ 363(b)(1), 363(f), 363(h), 363(j), 363(m) and 506(c), Shari S. Jansen, as Chapter 7 Trustee for the estate of Ino Velazquez and Gloria Velazquez ("Trustee"), by and through her undersigned counsel, seeks authority to sell the Real Property, as defined below, free and clear of liens and to surcharge the collateral of the George F. Brown Revocable Living Trust (the "Trust"), and states:

### Background

　　　　1.　　On June 4, 2010 (the "Petition Date"), the Debtors, Ino Velazquez and Gloria Velazquez, filed their voluntary Petition for relief under Chapter 7 of the Bankruptcy Code.

　　　　2.　　On the Petition Date, the Debtors owned approximately 460 acres of real property located at 6933 Bethea Road, Zolpho Springs, Florida 33890, and identified in the Hardee County Property Appraisers records as the following parcels of real property in Hardee County, Florida:

　　　　　　2984 Sweetwater Rd. Zolfo Springs, FL (Parcel No. 28-35-26-0000-07120-0000);
　　　　　　6670 Bethea Rd., Zolfo Springs, FL  (Parcel No. 28-35-26-0000-08120-0000);
　　　　　　6933 Bethea Rd., Zolfo Springs, FL  (Parcel No. 33-35-26-0000-07450-0000);

      Bethea Rd., Zolfo Springs, FL  (Parcel No. 28-35-26-0000-08720-0000);
      Bethea Rd., Zolfo Springs, FL  (Parcel No. 33-35-26-0000-07460-0000);
      Bethea Rd., Zolfo Springs, FL  (Parcel No. 33035-26-0000-02000-0000); and
      Fish Branch Rd., Zolfo Springs, FL  (Parcel No. 34-35-26-0000-02000-0000).

(hereinafter, the "Real Property").

3. The Trust filed Proof of Claim No. 16-2, asserting a claim in the amount of $1,263,032.78, secured by all parcels comprising the Real Property.

4. In addition, the Hardee County Tax Collector (the "Tax Collector") filed Proof of Claim No. 4, asserting a claim in the amount of $27,260.59, secured by the Real Property.

5. The Debtors have filed Amended Schedules, claiming 160 acres of the Real Property as homestead.

### Requested Relief

6. The Trustee seeks (a) authority to sell both the homestead and non-homestead portions of the Real Property; (b) authority to sell the Real Property free and clear of liens with the liens attaching to the proceeds of the sale; and (c) to surcharge the collateral of the Trust and the Tax Collector, in the event that the sale price is less than the aggregate value of the liens.

### Proposed Sale of Homestead

7. The Real Property consists of 460 acres, 160 acres of which has been claimed by the Debtors as their homestead.

8. Trustee requests authority to sell the Real Property pursuant to 11. U.S.C. §363(h).

9. Partition of the Real Property between the bankruptcy estate and the Debtors is impracticable because the mortgage held by the Trust encumbers both the exempt and non-exempt portions of the Real Property.  The Trust has not agreed to allocate the value of its lien

2

between the exempt and non-exempt acreage.

10. The sale of the bankruptcy estate's interest in the Real Property would realize significantly less for the estate than the sale of the Real Property as a whole.

11. The benefit to the estate in selling the Real Property free of the Debtors' interests outweighs the detriment, if any, to the Debtors. The Debtors have no income other than monthly Social Security payments and are not in a position to make the mortgage payment. The proceeds of the sale will not be distributed until the Court apportions the proceeds in accordance with Englander v. Mills (In re Englander), 95 F.3d 1028 (11th Cir. 1996), cert. den., 520 U.S. 1186, 117 S. Ct. 1469, 137 L.Ed.2d 682 (1997). The sale of the entire property and apportionment of the proceeds is an equitable solution, allowing for an appropriate recognition of the Debtors' homestead exemption and affording creditors satisfaction of their rightful claims. Id. at 1032.

12. The Real Property is not being used in the production, transmission, or distribution of any natural or synthetic gas for heat, light, or power.

13. In this case, homestead status has been denied with respect to a portion of the Real Property and the property is not divisible because the Trust has not consented to allocating its lien to the various parcels. The Trustee, therefore, seeks authority to sell the whole property with the court apportioning the proceeds. See e.g. In re Nofsinger, 221 B.R. 1018, 1021 (Bankr. S.D. Fla. 1998).

14. In accordance with 11 U.S.C. §363(j), Trustee will segregate all proceeds received from the sale of the Real Property and will not make distributions without a further order of this Court.

## Sale Free and Clear of Liens

15. The Trustee has determined that it is in the best interest of the estate and the creditors to sell the Real Property by private sale pursuant to 11 U.S.C. §§ 363(b) and 363(f). The Trustee has determined that a private sale will maximize the sale price for the Real Property and the benefit to the estate and unsecured creditors.

16. The Trustee will be filing an application to employ a real estate broker who is experienced in selling rural land in Hardee County, Florida for the purpose of marketing and selling the Real Property.

17. The proposed sale is subject to this Court's approval pursuant to 11 U.S.C. §§363(b) and (f).

18. Any purchase contract entered into as a result of the real estate broker's marketing of the Real Property will be subject to approval by the Court at a final hearing on this Motion.

19. The Trustee seeks authority to sell the Real Property free and clear of all liens, claims, security interests and encumbrances identified in this Motion. All such liens, pledges, security interests, encumbrances and interests shall attach to the proceeds of sale to the same extent and in the same order of priority of any existing liens, claims, security interests, encumbrances and interests of record or as may be determined by the Court.

20. The Trustee intends to sell the Real Property free and clear of the following liens and encumbrances, with such liens and encumbrances attaching to the proceeds of the Sale:

    a. George F. Brown Revocable Living Trust filed Proof of Claim No. 16-2, asserting a claim in the amount of $1,263,032.78, secured by all parcels comprising the Real Property;

b. Hardee County Tax Collector filed Proof of Claim No. 4, asserting a claim in the amount of $27,260.59, secured by the Real Property; and

c. Any legal or equitable liens or interests that may be asserted by any party served with this Motion.

21. The Real Property shall be sold without any representation or warranty of any type whatsoever except that the Debtors own good and marketable title to the assets being offered for sale.

22. Upon information and belief, based upon investigation of rural land values in Hardee County, Florida, the Trustee believes that the value of the Real Property exceeds the value of all undisputed liens.

### **Surcharge**

23. Section 506(c) of the Bankruptcy Code provides:

> The trustee may recover from property securing an allowed secured claim the reasonable necessary costs and expenses of preserving or disposing of such property to the extent of any benefit to the holder of such claim.

11 U.S.C. § 506(c). The underlying rationale of Section 506(c) is that the general estate and unsecured creditors should not be required to bear the cost of protecting what is not theirs. See In re Codesco, Inc., 18 B.R. 225, 230 (Bankr. S.D.N.Y. 1982). In In re Visual Industries, Inc., 57 B.R. 321, 325 (3d Cir. 1995) the court explained that Congress' intent in enacting 11 U.S.C. § 506(c) was to prevent a windfall to the secured creditor. In explaining the common law predecessor and impetus to 11 U.S.C. § 506(c) the Visual court explained:

> Thus, when such expenditures [in preserving the collateral] inured to the direct benefit of the secured creditor by preserving or disposing of the subject property, the common law permitted

> recovery by the claimant on the theory that the creditor whose collateral had been preserved or disposed of for the benefit of the secured creditor, would be unjustly enriched at the expense of the claimant.

Id. at 325. Here, surcharging the funds gained through the sale of the Real Property fulfills the underlying rationale of 11 U.S.C. § 506(c).

24. A trustee's efforts in disposing of collateral is a basis for surcharging the secured creditor's collateral under 11 U.S.C. § 506(c). See In re U.S. Physicians, Inc., 235 B.R. 367, 378 (Bankr. E.D. Pa 1999) (to recover under §506(c), claimant must demonstrate that the expenditures (1) were reasonable and necessary to the preservation or disposal of the property; and (2) provided a direct benefit to the secured creditor).

25. The Trustee's action in seeking to sell the Real Property is reasonable and necessary and will provide a direct benefit to the Trust. The Trustee believes that there is equity in the Real Property and, therefore, it is reasonable and necessary for the Trustee to sell the Real Property.

26. The Trust has not sought stay relief to foreclose its mortgage on the Real Property. The Trust undoubtedly stands to gain from the sale of the Real Property.

27. The estate, however, should not bear the cost of selling the Real Property for the Trust's benefit. The Trust will be unjustly enriched if the Trustee makes expenditures in connection with disposing of the Real Property that directly benefit the Trust.

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a) granting the Motion; (b) authorizing the Chapter 7 Trustee to sell the Real Property and segregate the proceeds from the sale until further order from the Court; (c) authorizing the

surcharge of the Trust's collateral; and (d) granting such other and further relief as the court deems appropriate.

Dated: June 27, 2011

/s/ Dawn A. Carapella
DAWN A. CARAPELLA
Florida Bar No. 0751911
dacarapella@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
   FRYE, O'NEILL & MULLIS, P.A.
Post Office Box 1102
Tampa, Florida 33601-1102
Telephone: (813) 223-7474
Facsimile: (813) 229-6553
Attorneys for Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Trustee's Motion for Authority to Sell** was furnished by CM/ECF electronic delivery or by regular U.S. Mail on June 27, 2011 to: **Ino Velazquez and Gloria Velazquez,** 6933 Bethea Road, Zolfo Springs, Florida 33890; Debtors' Counsel, **David Steen,** 13902 N. Dale Mabry Hwy., Suite 110, Tampa, FL 33618; **Shari S. Jansen, Trustee,** Post Office Box 50667, Sarasota, FL 34232-0305; **Office of the United States Trustee**, 501 East Polk Street, Suite 1200, Tampa, FL 33602; **George F. Brown Revocable Living Trust**, c/o Matthew J. Kovschak, Esq., P.O. Box 989, Bartow, FL 33831; **Hardee County Tax Collector's Office**, Attn: Zerelda Smith, 110 W. Oak Street, Suite 102, Wauchula, FL 33873-2605; and All Creditors (matrix attached).

/s/ Dawn A. Carapella
Attorney

Motion to Sell -5594841v1